IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)


RICK HUSSEL                                                PLAINTIFF
1023 Byrtle Grove Road
Leitchfield, Kentucky 42754



                                        Case No.  4:18-CV-48-JHM

v.

                          Chief    Judge Joseph H. McKinley, Jr.



ALLY FINANCIAL, INC.                                      DEFENDANTS
d/b/a ALLY FINANCIAL
200 Renaissance Center
Detroit, Michigan 48265

        SERVE:  CT Corporation System
                306 W. Main Street, Suite 512
                Frankfort, Kentucky 40601
                (BY CERTIFIED MAIL)

AND

EXETER FINANCE, LLC
222 W. Las Colinas Blvd., Suite 1800
Irving, Texas 75039

        SERVE:  Corporation Service Co.
                421 W. Main St.
                Frankfort, Kentucky 40601

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                             421 W. Main St.
                             Frankfort, KY 40601
                             (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

        SERVE:      CT Corporation System
                             306 W. Main Street, Suite 512
                             Frankfort, Kentucky 40601
                             (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Rick Hussel, and for his Verified Complaint against the Defendants,
Ally Financial, Inc. ("Ally"), Exeter Finance, LLC ("Exeter"), Equifax Information Services, LLC
("Equifax"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation and violation of the Fair Credit
Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate
Plaintiff's credit reporting disputes, Defendants' false reporting to Equifax and Experian of alleged
delinquent debts, and Defendants' failure to correct Ally's and Exeter's false reporting on
Plaintiff's Equifax and Experian credit reports.

## II. PARTIES

2.      Plaintiff, Rick Hussel, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1023 Byrtle Grove Road, Leitchfield, Kentucky 42754.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Ally, is a Michigan corporation doing business in the Commonwealth of Kentucky with its principal place of business at 200 Renaissance Center, Detroit, Michigan 48265.

5.      Ally is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

6.      Defendant, Exeter, is a Texas limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 222 W. Las Colinas Boulevard, Suite 1800, Irving, Texas 75039.

7.      Exeter is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

8.      Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

9.      Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

12.     Experian is a "consumer reporting agency that compiles and maintains files on

3

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13.    Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III.  JURISDICTION

14.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Grayson County, Kentucky as a result of the Defendants' doing business in Grayson County, Kentucky.

## IV.  FACTUAL BACKGROUND

### Ally and Equifax

15.    In or around December 2017, Plaintiff, who was in the process of seeking home mortgage financing, accessed his Equifax credit report and discovered that Ally was reporting that Plaintiff's Ally account was past due and owing in the amount of $891.00.

16.    In or around April 2017, Ally charged off Plaintiff's debt in the amount of $1,972.00, presumably Plaintiff's remaining balance on the Ally account, pursuant to 26 C.F.R. § 6050P(b)(2)(G).

17.    Immediately upon discovering Ally's false and derogatory tradeline which showed an alleged balance due and owing to Ally, Plaintiff filed a dispute with Equifax regarding the inaccuracy of the Ally tradeline given Ally's forgiveness and discharge of the alleged debt.

18.    Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Ally of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

19.    In January 2018, Ally and Equifax verified the alleged past due Ally account

reporting on Plaintiff's Equifax credit report.

20.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Ally and Equifax failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

21.     Upon information and belief, Ally and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Ally's and Equifax's receipt of Plaintiff's dispute.

22.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due Ally account.

**Exeter and Experian**

23.     In or around December 2017, Plaintiff, who was in the process of seeking home mortgage financing, accessed his Experian credit report and discovered that Exeter was reporting that Plaintiff's Exeter account was charged off by Exeter in or around July 2015, and that the amount of the charge off was $15,467.00.

24.     Prior to December 2017, Plaintiff paid off a significant portion of the remaining balance on the Exeter account. Exeter's and Experian's reporting of the Exeter tradeline, therefore, was inaccurate in that the tradeline states that Exeter charged off the entire account balance of $15,467.00.

25.     Immediately upon discovering Exeter's false and derogatory tradeline, Plaintiff filed a dispute with Experian regarding the inaccuracy of the Exeter tradeline.

26.     Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Exeter of the dispute at or within five (5) days of Experian's receiving notice of the dispute from Plaintiff.

27.     In January 2018, Exeter and Experian verified the alleged past due Exeter account reporting on Plaintiff's Experian credit report.

28.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Exeter and Experian failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

29.     Upon information and belief, Exeter and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Exeter's and Experian's receipt of Plaintiff's dispute.

30.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due Exeter account.

## V. CLAIMS

### Negligence – Ally

31.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.     Ally's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the Ally tradeline were negligent under applicable law.  In failing to investigate Plaintiff's dispute and in falsely reporting the status of the Ally account, Ally breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding

Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

33.    Ally's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the alleged past due Ally account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

34.    Ally's failure to investigate Plaintiff's disputes and its false reporting to Equifax regarding the Applied tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Equifax

35.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.    Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Ally tradeline, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.

37.    In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the Ally tradeline, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff and acted with conscious disregard for Plaintiff's rights.

38.    Equifax's negligent failure delete and/or amend its reporting of the Ally tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

39.    Equifax's failure to delete and/or amend its reporting of the Ally tradeline, despite Plaintiff's lawful notice to Equifax of the falsity of the reporting, was willful and wanton, entitling

Plaintiff to punitive damages therefor.

## Negligence – Exeter

40.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.     Exeter's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the Exeter tradeline were negligent under applicable law.  In failing to investigate Plaintiff's dispute and in falsely reporting the status of the Exeter account, Exeter breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

42.     Exeter's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the alleged past due Exeter account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

43.     Exeter's failure to investigate Plaintiff's disputes and its false reporting to Experian regarding the Exeter tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Experian

44.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Exeter tradeline, despite Plaintiff's lawful notice to Experian of the falsity of the report, was negligent.

46.     In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its

reporting of the Exeter tradeline, Experian breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff and acted with conscious disregard for Plaintiff's rights.

47.     Experian's negligent failure delete and/or amend its reporting of the Exeter tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

48.     Experian's failure to delete and/or amend its reporting of the Exeter tradeline, despite Plaintiff's lawful notice to Experian of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Ally

49.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50.     Ally, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and other currently unknown individuals and/or entities who have accessed Plaintiff's credit report, that Plaintiff has a past due and payable Ally account.  Ally's statements were false and were made with conscious disregard for the rights of the Plaintiff.

51.     Ally's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Ally account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

9

52.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Ally and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due and payable account with Ally. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

54.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Ally account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Exeter

55.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56.     Exeter, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit report, that Plaintiff has a past due and payable Exeter account. Exeter's statements were false and were made with conscious disregard for the rights of the Plaintiff.

57.     Exeter's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Exeter account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

58.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.    Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Exeter and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due and payable account with Exeter.  Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

60.    Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Exeter account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act – Ally

61.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.    Ally's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due and payable Ally account are violations of Ally's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

63.    Ally's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Ally is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

## Negligent Violation of the Fair Credit Reporting Act – Equifax

64.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65.    Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Ally account from Plaintiff's credit report despite knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

66.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Exeter

68.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.    Exeter's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian of Plaintiff's alleged past due and payable Exeter account are violations of Exeter's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

70.    Exeter's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Exeter is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

71.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Exeter account from Plaintiff's credit report despite knowledge of the falsity of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

73.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

74.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Ally**

75.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     Ally's initial and continuing false reporting to Equifax of Plaintiff's alleged past due account, despite Ally's knowledge of the falsity of its reporting, and Ally's failure to investigate Plaintiff's dispute are willful violations of Ally's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

77.     Given Ally's knowledge of the falsity of its reporting and its failure to investigate

Plaintiff's dispute, Ally's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Ally is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

78.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

79.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Ally account despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

80.     Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

81.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Exeter

82.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 81 as if fully set forth herein.

83.     Exeter's initial and continuing false reporting to Experian of Plaintiff's alleged past

due account, despite Exeter's knowledge of the falsity of its reporting, and Exeter's failure to investigate Plaintiff's dispute are willful violations of Exeter's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

84.     Given Exeter's knowledge of the falsity of its reporting and its failure to investigate Plaintiff's dispute, Exeter's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Exeter is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

85.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 84 as if fully set forth herein.

86.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Exeter account despite Experian's knowledge of the falsity of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

87.     Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

88.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Rick Hussel, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.



Respectfully submitted,


*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Ste. 100-C
Louisville, KY  40253
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

**VERIFICATION**

I, Rick Hussel, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Rick Hussel

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF GRAYSON           )

Subscribed, sworn to and acknowledged before me by Rick Hussel this 23 day of
April_____, 2018.

_____
Notary Public

Commission expires: 7/22/2021

Scanned with CamScanner